UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MARCEL C. NOTZON, III, Individually | § § § | |
| vs. | § § § | CAUSE NO. _____ |
| CITY OF LAREDO, LAREDO POLICE DEPARTMENT, SERGEANT ROBERTO A. GARCIA AND LAREDO REGIONAL MEDICAL CENTER, LP D/B/A DOCTOR'S HOSPITAL OF LAREDO | § § § § § § § | |

## PLAINTIFFS' FIRST ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME, MARCEL C. NOTZON, III, hereinafter referred to as "Plaintiff" in the above styled and numbered cause (hereinafter referred to as the "Lawsuit"), and files his First Original Complaint and in support would respectfully show the Court the following:

### I. PARTIES

1. Plaintiff MARCEL C. NOTZON, III is a citizen of the state of Texas and resident of Laredo, Webb County, Texas.

2. Defendant, City of Laredo, Texas, is a home rule city duly organized and existing under the laws of the State of Texas. City Secretary for the City of Laredo, can be served with process at City Hall, 1110 Houston Street, 3rd Floor, Laredo, Texas 78040 or wherever they may be found.

3. Defendant, Laredo Police Department, is a home rule city duly organized an existing under the laws of the State of Texas. City Secretary for the City of Laredo, can be served with

process at City Hall, 1110 Houston Street, 3rd Floor, Laredo, Texas 78040 or wherever they may be found.

4. Defendant, Laredo Regional Medical Center, L.P., d/b/a Doctor's Hospital of Laredo is a Delaware limited partnership, doing business as Doctor's Hospital of Laredo, with its principal place of business in Webb County, Texas. May be served with process, by serving its registered agent CT Corporation System at 350 N. St. Paul St., Dallas, Texas 75201.

5. Defendant Sergeant Roberto A. Garcia is a resident of Webb County, and may be served with process of citation in this cause at 4712 Maher Ave, Laredo, Texas 78041 or wherever he may be found.

## II. JURISDICTION

6. The Court has original jurisdiction over this matter based on a federal question under 28 U.S.C. § 1441(b) as it is suit based on deprivation of civil rights under 42 U.S.C. § 1983, 42 U.S.C. § 1985(3) and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## III. VENUE

7. Venue is proper under this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to these claims occurred in this district and within this division.

## IV. FACTS

8. On January 16, 2015, at approximately 11:30 P.M., Victor Ramos (Ramos) was on his motorcycle entering North Central Park in Laredo, Texas.

9. Ramos was riding a yellow Suzuki motorcycle, traveling southbound on International Boulevard and made a left hand turn into the entrance of North Central Park in his lane when he

was struck by another motorcycle with flashing police lights attempting to exit the park in the wrong lane.

10. Ramos motorcycle was knocked down and damaged.

11. Ramos suffered significant physical injuries and was taken to the emergency room where he was treated for two (2) different days.

12. The motorcycle was driven by Gustavo Guerra, Jr., a Laredo Police Officer. He did not stop to render aid and fled the scene of the accident in violation of law.

13. Ramos went home and was taken to the emergency room of Doctor's Hospital. At the hospital Ramos' thirteen year old brother in law was arrested.

14. Plaintiff was contacted by the mother of the thirteen year old child saying that her son-in-law (Ramos) had been run over by a Laredo Police motorcycle officer. She requested Plaintiff to come to the hospital to protect their rights. Plaintiff got to the hospital at that point and saw Ramos' father-in-law and brother-in-law were under arrest. Plaintiff attempted to ask the City of Laredo Police Officer what were the issues and/or what was going on. Plaintiff was told to go inside and talk to Sergeant Garcia. Plaintiff went inside to talk to Sergeant Garcia and saw that he was waiting to talk to Plaintiff's client Ramos, who had requested Plaintiff to go to the hospital. Plaintiff was not allowed to speak to Ramos and, after Plaintiff asked what they were doing to investigate who caused the collision, Plaintiff was placed under arrest by Sergeant Garcia. Plaintiff's client Victor Ramos was told by four officers that his attorney was arrested and Ramos had to answer their questions. Later Plaintiff was charged with Criminal Trespass. Those charges were eventually dropped.

15. The police refused to allow Plaintiff to attend an inspection of the police motorcycles and began a months long stonewalling of his attempts to uncover the truth surrounding the incident. It

was not until counsel and an investigator happened across a private citizen's surveillance video that Plaintiff could confirm the presence of a Police Motorcycle in the area at the time of the collision. The City of Laredo Police Department still refused to voluntarily release any documentation regarding the Motorcycles or the Officers who operate them.

16. Photographs were finally uncovered revealing scratches on a city motorcycle pursuant to an Open Records Request filed by Plaintiff.

17. The photographs showed damage to Laredo Police Department vehicle consistent with Ramos' claims.

18. Plaintiff continued to pursue Ramos' claims and later discovered facts that appeared to reveal a vast conspiracy.

19. On or about January 12, 2017, after a four day trial, a jury found that Gustavo Guerra, Jr., the Laredo Police Department officer in question was the driver of the motorcycle that struck Ramos.

20. Defendant Hospital participated in the conspiracy by allowing a false police report to be filed. That charge was subsequently dismissed.

21. These are the facts that substantiate Plaintiff's Civil Rights claims to be free from arrest without warrant, conspiracy done by the Laredo Police Department and Doctor Hospital to violate Plaintiff's Rights so they could cover up what they had done to Plaintiff and to Ramos.

### V. VIOLATION OF CIVIL RIGHTS
### 42 U.S.C. §1983, Texas Constitution Art. I §9

22. Plaintiff re-alleges and reasserts verbatim the facts, averments and denials in paragraphs 1 through 21 above.

23. The actions of Defendants as set out above constitute a clear violation of the Plaintiff's right to be free from unreasonable searches and seizures as secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, now codified in 42 U.S.C. § 1983, as well as Article I section 9 of the Texas Constitution.

## VI. CONSPIRACY TO VIOLATE CIVIL RIGHTS
## 42 U.S.C. §1985

24. Plaintiff re-alleges and reasserts verbatim the facts, averments and denials in paragraphs 1 through 21 above.

25. The actions of Defendants as set out above constitute a conspiracy between Defendants to deprive Plaintiff MARCEL C. NOTZON, III of his civil rights as secured by 42 U.S.C. §1983, in violation of 42 U.S.C. §1985(3).

## IX. STATE CAUSES OF ACTION

26. Plaintiff re-alleges and reasserts verbatim the facts, averments and denials in paragraphs 1 through 21 above.

27. In addition to the Constitutional Torts mentioned above, the actions of Defendants constitute false imprisonment of the Plaintiff and civil conspiracy.

28. Moreover, the actions of Defendants constitute an intentional infliction of emotional distress upon the Plaintiff MARCEL C. NOTZON, III whereby these Defendants acted intentionally, in an extreme and outrageous manner, to cause severe emotional injury and distress to Plaintiff MARCEL C. NOTZON, III that no other cause of action can remedy.

## X. JURY DEMAND

29. Plaintiff demands a trial by Jury and has tendered the jury fee.

## XI. DAMAGES

30. As a direct and proximate result of Defendants' negligent and gross negligent actions and inactions, Plaintiff MARCEL C. NOTZON, III have incurred damages in the following respects:

   a. As a direct and proximate result of the unlawful actions of these Defendants, the Plaintiff MARCEL C. NOTZON, III has suffered actual damages including but not limited to: (1) a loss of earnings in the past and future, for which he seeks damages; (2) mental anguish in the past and future, for which he seeks damages; and (3) humiliation, shame, and embarrassment in the past and future.

   b. Because of the willful, wanton and malicious nature of Defendants' actions, Plaintiffs requests an award of exemplary damages against Defendants jointly and severally in both their individual and official capacities.

## XII. PRAYER

31. WHEREFORE, PREMISES CONSIDERED, Plaintiff, pray that all Defendants be cited to appear and answer, and that upon final judgment, Plaintiff have the following:

   a. Judgment against Defendants jointly and severally for the actual damages caused the Plaintiff as set forth herein;

   b. An award of exemplary and punitive damages against Defendants in their individual and official capacities;

   c. Pre-judgment and post-judgment interest at the legal rate until paid;

   d. Costs of court;

   e. Attorneys' fees; and

   f. Any and all such other and further relief, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**MARCEL C. NOTZON, III**
6999 McPherson Ave, Ste. 325
North Town Professional Plaza
Laredo, Texas 78041
Tel. No.: (956) 717-1961
Fax No.: (956) 717-2789
Email: mcn@notzonlawfirm.com

By: _____
Marcel C. Notzon, III, Pro Se